ANDREW ALBRIGHT, PLAINTIFF IN ERROR, v. SUSSEX
COUNTY LAKE AND PARK COMMISSION ET AL., DE-
FENDANTS IN ERROR.

Argued June 21, 22, 1904—Decided November 14, 1904.

In "An act to acquire rights of fishing common to all in fresh water
lakes in certain counties," &c., approved March 27th, 1901
(*Pamph. L., p.* 333), the unconstitutionality of the provisions
intended to delegate the power of eminent domain renders the
whole act invalid.

On error to the Supreme Court.

For the plaintiff in error, *Charles D. Thompson* and *Charles
L. Corbin.*

For the defendants in error, *Griggs & Harding* and *Henry
Huston.*

The opinion of the court was delivered by

DIXON, J. In the opinion delivered in this cause February
29th, 1904 (*ante p.* 303), it was assumed that if the provisions
of the act of March 27th, 1901 (*Pamph. L., p.* 333), so far
as they relate to the power of eminent domain, were uncon-
stitutional, the proceeding under review must necessarily be
illegal. This assumption was unwarranted, because the pro-
ceeding was merely an affirmance by the Supreme Court of
the appointment of commissioners under that statute, and
as the statute purported to confer upon such commissioners
other powers than that of eminent domain, it did not follow,
as a matter of course, that their appointment would be
nugatory if the attempt to delegate the power of condemna-
tion failed. This mistake having been called to the atten-
tion of the court by an application for a rehearing, the court
ordered that the following question should be argued: "As-
suming that the provisions of chapter 161 of the laws of 1901,

relating to the power of condemnation, are unconstitutional, should the judgment of the Supreme Court in this case be reversed?" This argument having been heard, the question is now before us for decision.

The act purports to authorize the acquisition of the rights contemplated "by purchase, gift, devise or eminent domain." But almost all the provisions of the statute relate to the acquisition by purchase or condemnation, and it is incredible that the act would have been passed merely to permit the acceptance of gifts or devises. The only substantial powers were those of purchase and condemnation. The question therefore is, should the invalidity of the grant of the power to condemn defeat the grant of the power to buy.

The general rule with regard to the validity of a statutory scheme, some feature of which proves to be unconstitutional, is that, if the objectionable feature be not so important to the legislative design as to warrant the opinion that the scheme would not have been authorized without it, then the residue of the scheme will be upheld; otherwise the entire scheme will fail. *Johnson v. State,* 30 *Vroom* 535.

The scheme designed by the statute under consideration was the acquisition by any county at public expense of a common right to fish in fresh-water lakes within the county. The lakes falling within the purview of the act are now private property, and, unless the power of eminent domain can be exercised, the right desired can be obtained only at such price as the owners may be willing to accept. Some counties have not more than one of these lakes, and consequently in those counties there could be no competition among private owners to keep their demands within reasonable bounds. With such conditions in view, the duty of the legislature could best be fulfilled by providing some guard against an extravagant disbursement of public funds, and for the purpose of discharging this duty we think the legislature intended to confer upon the counties the right to have the price fixed by disinterested appraisers under the power of eminent domain. To infer from the attempt to delegate an authority thus shielded from imposition a willingness to dis-

pense with the safeguard and yet continue the authority would be unreasonable.

Our conclusion is that the vice of the condemnation provision infects the whole act.

. The judgment of the Supreme Court should be reversed and the order appointing commissioners should be set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 10.